UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELROY COLEMAN                                              CIVIL ACTION

VERSUS                                                     NO. 13-4325

TERREBONNE PARISH CRIMINAL                                 SECTION: "F"(1)
JUSTICE COMPLEX, ET AL.

### REPORT AND RECOMMENDATION

Plaintiff, Elroy Coleman, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Terrebonne Parish Criminal Justice Complex, the "Nursing Staff at T.P.C.J.C.," Dr. Richard Haydel, Warden Thomas Cope, Sheriff Jerry Larpenter, and Richard Neal (incorrectly identified in the complaint as "Nurse Peter"). In this lawsuit, plaintiff claims that he received inadequate medical care at the Terrebonne Parish Criminal Justice Complex.

### I.  Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure has been filed by the Terrebonne Parish Consolidated Government (responding on behalf of the "Nursing Staff at T.P.C.J.C."[1]), Haydel, and Neal.[2]  Plaintiff has opposed that motion.[3]

---

[1]   The "Nursing Staff" is not a distinct, juridical entity capable of being sued. See Granger v. Tangipahoa Parish Jail-Medical Staff, Civ. Action No. 12-2276, 2013 WL 1103279, at *2 (E.D. La. Feb. 5, 2013), adopted, 2013 WL 1103293 (E.D. La. Mar. 15, 2013); Verrette v. Stalder, Civ. Action No. 07-9202, 2009 WL 411196, at *3 (E.D. La. Feb. 13, 2009); Mondello v. Bossier Parish Sheriff's Office, Civ. Action No. 04-2609, 2006 WL 1985407, at *4 (W.D. La. June 16, 2006) (Hornsby,

It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

---

M.J.) (adopted by Hicks, J., on July 13, 2006). However, the Terrebonne Parish Consolidated Government, the local governmental entity which operates the jail's medical department, has appeared in this lawsuit on behalf of the nursing staff.

[2]   Rec. Doc. 19.

[3]   Rec. Doc. 21.

2

The defendants first argue that the claims against them should be dismissed because plaintiff failed to his exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has expressly held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532.

The defendants, however, have chosen to raise this affirmative defense in a difficult context. Although it is easy work to establish that dismissal is appropriate pursuant § 1997e(a) in the context of a properly supported motion for summary judgment under Rule 56, the defendants have instead opted to assert the defense in a Rule 12(b)(6) motion. That makes success far more difficult to achieve, due in large part to the fact that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Therefore, where a prisoner makes no allegations concerning exhaustion in his complaint, he cannot be faulted for that omission, and clearly Rule 12(b)(6) would not afford a basis for dismissal.

That said, it is not impossible to successfully assert an exhaustion defense in a Rule 12(b)(6) motion. For example, dismissal is warranted where a plaintiff *concedes* in his complaint that administrative remedies were in fact available and that he simply did not utilize and comply with them. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (noting that a dismissal for failure to

3

state a claim, predicated on a failure to exhaust, is appropriate "if the complaint itself makes clear that the prisoner failed to exhaust"). The defendants argue that is the case here.

The Court disagrees. It is true that, in response to a question on the complaint as to whether he "exhausted or completed all steps in the [grievance] procedure, including appeals," plaintiff stated: "Didn't need to, cause went to see Doctor."[4] However, in his opposition to the defendants' motion, he additionally indicated that he was not able to appeal his grievance because he was transferred to a different facility and the necessary forms were not available.[5] In light of that statement, which must also be considered,[6] and in light of the fact that there is absolutely no evidence whatsoever before the Court establishing the deadlines and parameters of the applicable grievance procedure, this Court simply cannot say with any degree of certainty that dismissal based on a purported failure to exhaust is warranted.

That, however, does not end the matter, because the defendants alternatively argue that they are entitled to dismissal based on the fact that the allegations of plaintiff's complaint are insufficient to state a claim against them. On that alternative argument, this Court agrees for the following reasons.

---

[4] Rec. Doc. 1, p. 3.

[5] Rec. Doc. 21.

[6] The United States Fifth Circuit Court of Appeals has held that in a case filed by a *pro se* plaintiff, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, a *pro se* litigant's supplemental filings that "embellish[] the original complaint's averments" should and will be considered in connection with the instant motion. See id.

As previously noted, plaintiff is claiming that he received inadequate medical care while incarcerated at the Terrebonne Parish Criminal Justice Complex. Although inmates often raise such claims, they rarely succeed due to the fact that an inmate's constitutional right to medical care is extremely limited. Indeed, the federal constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated *only* if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). In the instant case, even if this Court assumes for the purposes of this decision that plaintiff has sufficiently alleged that he had a serious medical need, an assumption that is questionable at best,[7] he has *not* sufficiently alleged that the defendants acted with "deliberate indifference" for the following reasons.

The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

---

[7] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Here, plaintiff is alleging that he needed medical care for his knees; however, he does not specify the nature of his underlying problem.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted).  Therefore, "[d]eliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, plaintiff does not dispute that he in fact received medical care at the Terrebonne Parish Criminal Justice Complex and even concedes in the complaint that the doctor prescribed "some pills" in response to the complaint of knee pain.[8]  Further, in his opposition to the defendants' motion, he explains the true basis of his claim: "I did not say I did not receive medical treatment. I said the medicine they was giving me was not helping me at all."[9]  That, however, is not a valid basis for a federal claim, because deliberate indifference simply cannot be inferred from the fact that an inmate's medical treatment was unsuccessful or that pain persisted despite the treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

Likewise, although it is evident that plaintiff is of the opinion that alterative forms of care should have been provided, such as ordering x-rays and referring him to an outside orthopedic

---

[8]   Rec. Doc. 1, p. 7.

[9]   Rec. Doc. 21, p. 1.

clinic,[10] that is of no moment. Such disagreements over the forms of treatment provided are not a sufficient basis on which to base a claim of deliberate indifference. Gracia Ledezma v. United States, 382 Fed. App'x 381, 383 (5th Cir. 2010); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). That is true even if an alternate form a treatment would in fact have been preferable, because "deliberate indifference exists wholly independent of an optimal standard of care." Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006).

Simply put: a plaintiff's claim that his medical care, though received, was incorrect or inadequate in some respect is a claim of negligence or medical malpractice, not a claim of "deliberate indifference." See id. at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference...."). Claims of negligence or malpractice present issues of state law, *not federal law*, and are more appropriately brought before the state courts. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under [state law]."); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004) ("Simple medical malpractice or negligence does not constitute a violation of an inmate's constitutional rights. It is, instead, a violation of a tort duty of care and must be pursued in state court."). See also Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the

---

[10]   Rec. Doc. 1, pp. 5, 7, 10, and 11; Rec. Doc. 5, p. 1.

adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").[11]

For all of the foregoing reasons, it is clear that plaintiff's allegations fall far short of what is required to state a cognizable claim under federal constitutional law. Therefore, the motion to dismiss should be granted.

## II.  Remaining Defendants

The remaining defendants have not joined in the pending motion. However, for the following reasons, the claims against them should likewise be dismissed under the Court's screening authority.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[11] There is no indication in the complaint that plaintiff is asserting any claims under state law in this federal proceeding. However, even if that was his intention, the Court should decline to consider any such claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he must do so in the state courts.

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although broadly construing plaintiff's complaint,[12] the undersigned recommends that, for the following reasons, plaintiff's claims against the remaining defendants be dismissed as frivolous and/or failure to state a claim upon which relief may be granted.

As a preliminary matter, plaintiff's claims against the remaining defendants are also ones for inadequate medical care. However, for the reasons previously explained, there was no deliberate indifference and, therefore, he cannot state a nonfrivolous federal claim concerning his medical care. For that reason alone, the claims against the remaining defendants should be dismissed.

Moreover, out of an abundance of caution, the Court notes that the claims against the remaining defendants are defective in other respects as well.

---

[12] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

9

For example, the Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances. "[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); see also Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007).

Sheriff Jerry Larpenter and Warden Thomas Cope could, of course, be proper defendants in some circumstances. However, even if plaintiff's underlying claim was otherwise cognizable, his allegations here are insufficient to state claims against Larpenter and Cope in either their individual or official capacities.

As to any claims asserted against them in their individual capacities, it is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege *specific conduct* giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (emphasis added; citation omitted). Additionally, "*[p]ersonal involvement* is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (emphasis added). In his complaint, plaintiff makes no

allegations whatsoever against either Larpenter or Cope and, therefore, clearly has not stated a claim against them in their individual capacities.[13]

As to official-capacity claims, such claims are not in actuality claims against the persons themselves but are instead claims against the local governmental entity they serve. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."). Therefore, additional allegations are required with respect to such claims. Specifically, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy

---

[13] The fact that Larpenter and Cope are supervisory officials does not change that result, because supervisors cannot be held vicariously liable for the actions of their subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

11

or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.  As a result, no proper official-capacity claim has been stated against either Larpenter or Cope.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by the Terrebonne Parish Consolidated Government (responding on behalf of the "Nursing Staff at T.P.C.J.C."), Dr. Richard Haydel, and Richard Neal be **GRANTED** and the federal civil rights claims against those defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's federal civil rights claims against the Terrebonne Parish Criminal Justice Complex, Sheriff Jerry Larpenter, and Warden Thomas Cope be **DISMISSED WITH PREJUDICE** as frivolous and/or failure to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

    New Orleans, Louisiana, this twenty-second day of October, 2013.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[14] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.